FILED

2016 Sep-30  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| JULIE CHRISTIAN HARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00450-SGC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Julie Harman ("Ms. Harman" or "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI").  Ms. Harman timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Harman was forty years old at the time of the Administrative Law Judge's ("ALJ's") decision.  (Tr. at 28, 76).  She has a high school education, as well as at least two years of college coursework.  (Tr. at 44-46, 185).  The ALJ found Plaintiff had not engaged in substantial gainful activity since May 9, 2011, the date she applied for SSI.  (Tr. at 15).  The ALJ also found Plaintiff had the

following impairments that were severe pursuant to 20 C.F.R. § 416.920(c): bipolar disorder; anxiety disorder, not otherwise specified; obesity; hypothyroidism with goiter; mild cervical disc degenerative changes; disc spur at L4-5 with partial thickness annular tear; osteoarthritis; history of hypotension; and unspecified myalgia and myositits. (Tr. at 15). But the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether Plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If Plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of Plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of

impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported finding Plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether Plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If Plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine Plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether Plaintiff has the RFC to perform the requirements of her past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If Plaintiff's impairment

or combination of impairments does not prevent her from performing her past relevant work, the evaluator will make a finding of not disabled.  *See id.*

The fifth and final step requires the evaluator to consider Plaintiff's RFC, age, education, and work experience in order to determine whether Plaintiff can make an adjustment to other work.  *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If Plaintiff can perform other work, the evaluator will find her not disabled.  *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g).  If Plaintiff cannot perform other work, the evaluator will find her disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found Ms. Harman was not disabled.  (Tr. at 28).  He determined Ms. Harman has not engaged in SGA since the alleged onset of her disability.  (Tr. at 15).  According to the ALJ, Plaintiff's impairments of bipolar disorder; anxiety disorder, not otherwise specified; obesity; hypothyroidism with goiter; mild cervical disc degenerative changes; disc spur at L4-5 with partial thickness annular tear; osteoarthritis; history of hypotension; and unspecified myalgia and myositits are considered "severe" based on the requirements set forth in the regulations.  (*Id.*).  However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*).  The ALJ determined Ms. Harman has the residual functional capacity to perform light work

4

with the following restrictions:  no crawling; no climbing of ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs; no more than frequent balancing, stooping, crouching, kneeling, fingering, or handling; no exposure to extreme temperatures, dangerous machinery, or unprotected heights; no tasks that are not simple, routine, and repetitive; no tasks that require maintaining attention and concentration continuously in increments that exceed 2 hours; and no more than occasional contact with the public.  (Tr. at 18-19).

According to the ALJ, Ms. Harman is unable to perform any of her past relevant work.  (Tr. at 26).  Thus, the ALJ enlisted a vocational expert ("VE"), in conjunction with the Medical-Vocational Guidelines provided at 20 C.F.R. Part 404, Subpart P, Appendix 2 (the grids), and determined Plaintiff could perform a significant number of jobs that exist in the national economy.  (Tr. at 27).  Thus, the ALJ concluded Plaintiff was not disabled.  (*Id*.).

## II.    STANDARD OF REVIEW

This court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec*., 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec*., 363 F.3d 1155, 1158 (11th Cir. 2004)).  This court gives

deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, the court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if the court finds the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that the court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d

881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards

is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   DISCUSSION

Ms. Harman alleges the ALJ's decision should be reversed and remanded

because he improperly assigned little weight to the opinion of her treating

physician, Dr. April Ponder.  (Doc. 12 at 2-3).  A treating physician's testimony is

entitled to "substantial or considerable weight unless 'good cause' is shown to the

contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159

(11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.

1997)) (internal quotations omitted).  The weight to be afforded a medical opinion

regarding the nature and severity of a claimant's impairments depends, among

other things, upon the examining and treating relationship the medical source had

with the claimant, the evidence the medical source presents to support the opinion,

how consistent the opinion is with the record as a whole, and the specialty of the

medical source.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  Furthermore, "good

cause" exists for an ALJ not to give a treating physician's opinion substantial

weight when the: "(1) treating physician's opinion was not bolstered by the

evidence; (2) evidence supported a contrary finding; or (3) treating physician's

opinion was conclusory or inconsistent with the doctor's own medical records."

*Phillips*, 357 F.3d at 1241 (citing  *Lewis*, 125 F.3d at 1440); *see also Edwards v.*

*Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The court must also be aware that opinions determining whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.,* 20 C.F.R. § 404.1546(c).

Dr. Ponder was Plaintiff's treating physician for nearly five years. (Doc. 12 at 5). However, the ALJ assigned little weight to Dr. Ponder's opinion because it was inconsistent with other evidence of record, including Dr. Ponder's own records. (Tr. at 23-26). Specifically, the ALJ stated that "little weight is given to the opinion of Dr. Ponder, rendered in May 2013 (Exhibit 21F), as it is inconsistent

8

with her own treating records of the claimant and unsupported by the other objective evidence." (Tr. at 25).

Dr. Ponder's examination records are inconsistent with her own opinion about the Plaintiff's condition to work. (Tr. at 25). Dr. Ponder stated Plaintiff could not lift or carry more than five pounds; could not sit for more than three hours and could not stand or walk for more than one hour; could never climb stairs or bend in any way; could no more than rarely use her fingers or hands or reach in any direction; and would be required to miss more than four days of work per month because of her impairments. (Tr. at 490). However, as the Commissioner has pointed out, these opinions are inconsistent with Dr. Ponder's own examination records of Ms. Harman. Specifically, Dr. Ponder stated multiple times that Ms. Harman showed no acute distress, was pleasant, or focused on other relatively minor complaints without mention of any severe distress, pain, or dysfunction. (Tr. at 291, 304, 383, 391, 464, 503, 510). Furthermore, Dr. Ponder stated Plaintiff's osteoarthritis and fibromyalgia caused extreme limitations; however, she examined Ms. Harman on the same day she offered this opinion, and the records of her examination make no mention of such debilitating complaints. (Tr. at 24, 490, 503).

In addition to being inconsistent with her own records, Dr. Ponder's opinion is also inconsistent with the records of other examining doctors. For example, Dr.

Ponder indicated Plaintiff could no more than rarely use her fingers or hands or reach overhead.  (Tr. at 490).  But Dr. Turkiewicz found Plaintiff had full grip in her hands with "normal strength" and she had full range of motion in her shoulders, elbows, and wrists.  (Tr. at 456-57).  Dr. Ponder's stated opinion was that Plaintiff could not sit for more than three hours or stand for more than one hour during an eight-hour work day.  (Tr. at 491).  But Dr. Iyer found that while Plaintiff "may have some impairment of functions involving walking, climbing, squatting, and lifting," she had "no limitation of functions involving sitting, standing, handling, hearing, and speaking."  (Tr. at 338).

Nonetheless, Plaintiff argues Dr. Ponder's opinions should be given substantial weight as Ms. Harman's treating physician.  (Doc. 12 at 10).  But the ALJ may discredit a treating physician's opinion when he has good cause to do so. *See Phillips*, 357 F.3d at 1240.  Here, the ALJ had good cause because Dr. Ponder's opinion is repeatedly inconsistent.  (Tr. at 23-26).  Thus, it is clear the ALJ had good cause to discredit Dr. Ponder's opinion and, based on the record, the court is not in a position to second-guess the ALJ's conclusion on appeal.

For these reasons, the court concludes the ALJ properly assigned little weight to Dr. Ponder's opinion and he had good cause to disregard it as an assessment of Plaintiff's condition.  *See Crawford*, 363 F.3d at 1159-60; *Phillips*, 357 F.3d at 1240-41.

10

## IV.    CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. Accordingly, the Commissioner's decision is due to be affirmed.  A separate order will be entered.

**DONE** this 30th day of September, 2016.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE